# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CLYDE C. MCGUIRE** ) | |
| ) | **CIVIL ACTION .:** |
| **Plaintiff** ) | |
| ) | |
| v. ) | |
| ) | **Jury Trial Demanded** |
| **EAGLE CLEANING SERVICE,** ) | |
| **INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

**I.    INTRODUCTION**

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 (42 U.S.C. 2000e et seq.) and 42 U.S.C. § 1981 to address race discrimination and retaliation in the terms and conditions of employment.  The Plaintiff, Clyde McGuire (hereinafter "McGuire" or Plaintiff) alleges that the Defendant, Eagle Cleaning Service, Inc. (hereinafter "Eagle" or "Defendant"), discriminated against him on the basis of his race and retaliated against him for reporting and opposing employment discrimination.  This action seeks equitable and injunctive relief as well as compensatory and punitive damages, attorneys' fees and costs.

## II.     JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b).

2. The Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

3. Plaintiff has fulfilled all administrative conditions precedent to the institution of this action. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission within 180-days of the last discriminatory act committed against him. [Att. EEOC Charge].

4. Plaintiff was issued a Notice of Right-to-Sue, issued by the Equal Employment Opportunity Commission, on August 11, 2022.  [Att. Notice of Right to Sue].  Plaintiff is timely filing his Complaint within 90 days of the issuance of his Notice of Right to Sue. [Ex. Att. Notice of Right to Sue].  Thus, the Plaintiff has fulfilled all conditions for institution of this suit pursuant to Title VII of the Civil Rights Act of 1964.

5. Plaintiff's claims pursuant to 42 U.S.C. § 1981 do not require administrative exhaustion and are subject to 28 U.S.C. § 1658's four year statute of limitations.

### III. PARTIES

6. Plaintiff, Clyde McGuire, is an African-American male citizen of the United States and a resident of the State of Alabama.

7. Defendant, Eagle Cleaning Service, Inc., is an employer under Title VII and 42 U.S.C. § 1981 and was McGuire's employer. Defendant is incorporated and/or does business in the state of Alabama.

### IV. FACTUAL ALLEGATIONS

7. Plaintiff, an African-American male, was hired by Eagle in or around April 2017, and last worked as an Operations Manager.

8. By any measurement of performance, the Plaintiff executed his duties and responsibilities in a satisfactory manner.

9. Plaintiff held the job of Operations Manager Supervisor until his termination on or about October 20, 2021.

10. On September 29, 2021, Janelle Thomas [white female] reported to Eagle's owner Michelle Scholtz [white female] that the Plaintiff had been rude to her during a workplace interaction.

11. On or around that same day, the Plaintiff expressed to Scholtz that Thomas, a subordinate, was resistant to receiving instructions from him, an African-American male. The Plaintiff further stated that Thomas was insubordinate to him

3

and undermined his authority.

12. On September 30, 2021, Scholtz expressed to the Plaintiff that Thomas complained about him because she [Thomas] was not used to receiving instruction from an African-American.

13. Scholtz further explained that Thomas was upset because she had never been spoken to in any manner by an African-American authority figure.

14. During their September 30, 2021 meeting, the Plaintiff immediately expressed to Scholtz that her comments were racist and inappropriate. The Plaintiff asked for an investigation into Scholtz's comments but never received a response.

15. On October 20, 2021, Scholtz terminated the Plaintiff for a payroll error that did not fall under his job duties or responsibilities.

16. Upon information and belief, Scholtz terminated the Plaintiff because of his race and for reporting and opposing discrimination in employment.

17. But for the Plaintiff reporting and opposing race discrimination in employment, he would not have been terminated.

18. The reason given for the Plaintiff's termination, a payroll error, is a pretext for discrimination and retaliation.

## V.     CAUSES OF ACTION

### COUNT I

### RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

19.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 above with the same force and effect as if fully set out in specific detail hereinbelow.

20.    Plaintiff has been discriminated against and treated differently than similarly situated white employees because of his race, African-American, in violation 42 U.S.C. § 1981.

21.    Defendant's actions have affected the terms and conditions of Plaintiff's employment. The Plaintiff's race was the but for cause of the Defendant's treatment of him.

22.    Specifically, the Plaintiff was unlawfully terminated for raising issues regarding race discrimination and pointing out discriminatory treatment. Specifically, Scholtz treated him, an African-American, less advantageously than a similarly situated white employee, Thomas.

23.    Scholtz allowed Thomas to disrespect the Plaintiff's authority. Scholtz did not allow employees to treat white management employees in this manner. This

reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to 42 U.S.C. § 1981.

24. As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

25. Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's racially discriminatory and demeaning and unlawful conduct.

26. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

27. As a result of the Defendant's actions, the Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and loss of enjoyment of life.

28. This reckless, malicious, and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to 42

U.S.C. § 1981.

## COUNT II

### RETALIATION IN VIOLATION OF TITLE VII AND 42 U.S.C. § 1981

29. Plaintiff restates and incorporates by reference Paragraphs 1-18 above as part of this Count of the Complaint.

30. The Defendant retaliated against McGuire because of his opposition to and reporting of discrimination by terminating his employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. 1981.

31. On September 29, 2021, McGuire reported and opposed race discrimination. By October 20, 2021, his employment was terminated by Scholtz, the Defendant's owner, who is the same person he claimed discriminated against him. But for McGuire complaining about discriminatory treatment, he would not have been terminated.

32. McGuire's damages and injuries include, but are not limited to, loss of pay and benefits. Furthermore, as a result of his retaliatory termination McGuire has suffered mental anguish, humiliation and embarrassment.

33. The Defendant's retaliatory actions toward McGuire were reckless, malicious and willful and in violation of Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. 1981.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Honorable Court assume the jurisdiction of these causes of action and award the Plaintiff the following relief:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant, including the action taken against Plaintiff by the Defendant constitutes race discrimination and are violative of Plaintiff's rights as secured by Title VII and 42 U.S.C. § 1981;

2. Grant Plaintiff a permanent injunction enjoining the Defendant, their agents, successors, employees, attorneys and those acting in concert with the Defendant, and at the Defendant's request, from continuing to violate Plaintiff's rights as well as others who are similarly-situated pursuant to Title VII and 42 U.S.C. § 1981;

3. Enter an Order awarding Plaintiff damages including benefits, insurance, back pay, front pay, nominal, liquidated, compensatory and punitive damages;

4. Award Plaintiff reasonable costs, attorney's fees and expenses; and,

5.	Award such other relief and benefits as the cause of justice may require.

**PLAINTIFF HEREBY DEMANDS
A JURY FOR ALL ISSUES TRIABLE BY JURY**

Respectfully submitted,

/s/Roderick T. Cooks
Lee D. Winston
Roderick T. Cooks

**OF COUNSEL:**
WINSTON COOKS, LLC
The Shipt Tower
420 20th Street North
Suite 2200
Birmingham, Alabama 35203
Tel: 205-502-0970
Fax: 205-278-5876
Email: lwinston@winstoncooks.com
Email: rcooks@winstoncooks.com

**PLAINTIFF'S ADDRESS:**
Clyde C. McGuire
c/oWINSTON COOKS, LLC
The Shipt Tower
420 20th Street North
Suite 2200
Birmingham, Alabama 35203
Tel: 205-502-0970
Fax: 205-278-5876
Email: lwinston@winstoncooks.com
Email: rcooks@winstoncooks.com

**DEFENDANT'S ADDRESS:**
Eagle Cleaning Service, Inc.
c/o Michelle M. Scholtz
2428 Chestnut Ridge Place
Birmingham, AL 35216